RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/17/2023 4:12 PM          Brian M. Hart -Clerk of Court

EXHIBIT A

# IN THE STATE COURT OF CHATHAM COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **BRIAN COOK,** *Plaintiff,* v. **THE BARRELHOUSE SOUTH, LLC d/b/a BARRELHOUSE SOUTH, ALAN B. MORGAN, and XYZ COMPANIES 1-10,** *Defendants.* | CIVIL ACTION NO: STCV23-00352 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Brian Cook, Plaintiff in the above-captioned matter, and states Plaintiff's Complaint against Defendants The Barrelhouse South, LLC d/b/a Barrelhouse South, Alan B. Morgan, and XYZ Companies 1-10, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Brian Cook ("Plaintiff Cook" or "Mr. Cook") is a citizen and resident of Denver County, Colorado.

2.

Defendant The Barrelhouse South, LLC d/b/a Barrelhouse South ("Barrelhouse") is a domestic corporation engaged in the restaurant business with its principal place of business in Chatham County, located at 125 W Congress Street, Savannah, GA 31401. Defendant Barrelhouse may be served with process by delivering a copy of the Complaint, Interrogatories, and Requests for Production of Documents, to its registered agent, Melanie Orsini, at 821 E 71st Street, Savannah, GA, 31405. Defendant Barrelhouse is subject to the jurisdiction of this Court.

EXHIBIT A

3.

Defendant Alan B. Morgan ("Morgan") is a citizen and resident of Chatham County, Georgia. Defendant Morgan was working for Defendant Barrelhouse and was in the course and scope of said employment at the time of Plaintiff's injuries. Defendant Morgan may be served with process by delivering a copy of the Complaint, Interrogatories, Requests for Production of Documents, and Summons to his home address in Chatham County, located at 538 Wheatfield Court, Pooler, GA 31322. Defendant Morgan is subject to the jurisdiction of this Court.

4.

XYZ Companies Nos. 1-10 are not-yet-identified entities which either owned, operated, placarded, maintained, insured, contributed to, or were otherwise responsible for the incident underlying this action and/or employed, were a principal of, or otherwise had an actual or ostensible agent/principal relationship with the named Defendants on the date of the incident at issue; or are otherwise liable for the incident. Defendants XYZ Corp. Nos. 1 through 10 will be named and served with Summons and Complaint once their respective identities are revealed.

5.

All Defendants are subject to the jurisdiction of this Court and venue is proper as to all parties pursuant to O.C.G.A §§ 9-10-31 and 9-10-93.

**FACTUAL ALLEGATIONS**

6.

Plaintiff re-alleges and fully incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

7.

On or about May 11, 2022, Mr. Cook was a patron and customer of Barrelhouse, a bar and

EXHIBIT A

Case 4:24-cv-00017-RSB-CLR   Document 1-1   Filed 01/18/24   Page 3 of 8
RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/17/2023 4:12 PM    Brian A. Hart -Clerk of Court

EXHIBIT A

music venue located at 125 W Congress Street, Savannah, GA 31401.

8.

At all times relevant hereto, Barrelhouse bar and music venue was owned and operated by The Barrelhouse South, LLC.

9.

While socializing with friends, Mr. Cook and his friends were confronted by Barrelhouse staff and forced outside onto the sidewalk in front of the premises.

10.

At the time of the incident, Barrelhouse maintained signage, additional staff, and entry/exit security on the sidewalk in front of the premises.

11.

Defendant Morgan continued to engage Mr. Cook in a threatening verbal altercation.

12.

Defendant Morgan then struck Mr. Cook in the head and face suddenly and without warning, causing Mr. Cook to fall the ground. The force of this blow rendered Mr. Cook unconscious.

13.

As a result of Defendant Morgan striking Mr. Cook, and Mr. Cook's fall to the ground, Mr. Cook suffered extensive injuries to his head and face.

14.

At all times relevant hereto, Defendant Morgan was in the course and scope of his employment with Defendant Barrelhouse.

15.

Defendant Barrelhouse is vicariously liable for the actions of Defendant Morgan.

16.

As a direct and proximate cause of Defendants' actions and inactions, Mr. Cook suffered severe damages, including past, present, and future pain and suffering, past, present, and future medical expenses, and past, present, and future lost wages.

## COUNT I – NEGLIGENCE

17.

Plaintiff re-alleges and fully incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

18.

Defendant Morgan had a duty to act reasonably and not cause injury to others, including invitees of the Barrelhouse.

19.

Defendant Morgan failed to act reasonably, breached his duties, and was negligent in one or more of the following ways:

a. Acting aggressively toward Mr. Cook and unnecessarily escalating tensions;

b. Pursuing Mr. Cook despite Mr. Cook having already complied with instructions from Barrelhouse;

c. Sticking Mr. Cook in the head and face, thereby forcing him to the ground and rendering him unconscious; and

d. Using more force than what was reasonably necessary under the circumstances.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/17/2023 4:12 PM   *Brian K. Hart* -Clerk of Court

EXHIBIT A

20.

Defendant Morgan' negligence directly and proximately caused Mr. Cook's injuries and damages, including past, present, and future medical expenses, past, present, and future pain and suffering, and past, present, and future lost wages and diminished earning capacity.

## COUNT II – RESPONDEAT SUPERIOR

21.

Plaintiff re-alleges and fully incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

22.

Defendant Morgan was at all times relevant to this action an employees and/or agent, and/or ostensible agent of Defendant Barrelhouse and was acting in his capacity as an employee and/or agent and/or ostensible agent of Defendant Barrelhouse when he forcibly stuck Mr. Cook.

23.

Defendant Barrelhouse is vicariously liable for the negligent acts and/or failures to act of Defendant Morgan, as well as for the damages and injuries suffered by Plaintiff, under the doctrine of *respondeat superior*.

24.

As a direct and proximate result of Defendants' negligence, Mr. Cook sustained serious injuries and damages, including past, present, and future medical expenses, past, present, and future pain and suffering, and past, present, and future lost wages and diminished earning capacity.

EXHIBIT A

## COUNT III – NEGLIGENT HIRING AND RETENTION

25.

Plaintiff re-alleges and fully incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

26.

Defendant Barrelhouse owed a duty not to hire or retain bouncers and/or security staff, it knew or should have known posed a risk of harm to others.

27.

Defendant Barrelhouse breached this duty when it negligently hired, contracted with, and/or retained Defendant Morgan as a bouncer and/or as security staff and failed to exercise ordinary care to determine his fitness for the task of bouncing and/or security.

28.

Mr. Cook suffered extensive injuries and missed work as a direct and proximate result of Defendant Barrelhouse's negligence.

29.

Mr. Cook is entitled to recover from Defendant Barrelhouse for his past, present, and future medical expenses, past, present, and future lost earnings and diminished earning capacity, and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION

30.

Plaintiff re-alleges and fully incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

Case 4:24-cv-00017-RSB-CLR   Document 1-1   Filed 01/18/24   Page 7 of 8
RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/17/2023 4:12 PM   Brian K. Hart -Clerk of Court

EXHIBIT A

31.

The allegations of the preceding paragraphs are incorporated by reference, and made a part hereof, as if each such allegation was set forth fully herein.

32.

Defendant Barrelhouse owed a duty to train and/or supervise its bouncers and its security staff, to safely and prudently bar bounce and secure the premises.

33.

Defendant Barrelhouse breached its duties when it negligently failed to exercise ordinary care to properly train and/or supervise Defendant Morgan to ensure his fitness for the task of bar bouncing and to operate as security.

34.

Defendant Barrelhouse breached its duties when it negligently failed to take reasonable precautions to protect Mr. Cook from reasonably foreseeable dangerous acts of its employees, agents, ostensible agents, and/or third persons, including Defendant Morgan.

35.

Mr. Cook suffered extensive injuries and missed work as a direct and proximate result of Defendant Barrelhouse's negligence.

36.

Mr. Cook is entitled to recover from Defendant Barrelhouse for his past, present, and future medical expenses, past, present, and future lost earnings and diminished earning capacity, and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

Case 4:24-cv-00017-RSB-CLR   Document 1-1   Filed 01/18/24   Page 8 of 8
RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/17/2023 4:12 PM   Brian K. Hart -Clerk of Court

EXHIBIT A

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brian Cook prays and respectfully demands judgment against Defendants as follows:

a. That Summons and Process issue and that Defendants be served with a copy of this Complaint as required by law and that Defendants be required to appear and answer;

b. That Plaintiff recover all special damages he incurred;

c. That Plaintiff recover for the pain and suffering he experienced;

d. That Plaintiff recover for the lost wages and diminished earning capacity he has incurred;

e. That Plaintiff be granted a trial by jury of all issues so triable;

f. That Plaintiff be granted any other relief this Court deems just and appropriate.

This 17th day of February, 2023.

**RODEN LAW**

Allison J. Marani
Georgia State Bar No.: 238794
*Attorneys for Plaintiff*

**RODEN LAW**
333 Commercial Drive
Savannah, GA 31406
(912) 303-5850 (p)
(912) 303-5851 (f)
AMarani@rodenlaw.com