UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRIAN COOK,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN B. MORGAN, THE BARRELHOUSE SOUTH, LLC d/b/a BARRELHOUSE SOUTH, *et al.*,<br><br>    Defendants. | CV424-017 |

## ORDER

Defendant The Barrelhouse South, LLC d/b/a Barrelhouse South ("Barrelhouse") removed this case from the State Court of Chatham County, Georgia. Doc 1. Plaintiff has filed a Motion to Remand arguing the removal was untimely, *see* doc. 6, and an Amended Motion to Remand arguing the removal was improper because Barrelhouse failed to obtain the written consent of all defendants, *see* doc. 7. The parties have also filed a Rule 26(f) Report. Doc. 8. Because a review of that Report and the pleadings in this case raised several issues, the Court held a status conference with the parties. Doc. 15 (Minute Entry). During the conference, attorney John Carson appeared and confirmed that he is

counsel for Defendant Alan B. Morgan. The Clerk is **DIRECTED** to enroll Mr. Carson as counsel of record for Defendant Morgan and terminate him as counsel of record for Defendant Barrelhouse. *See generally* docket. Additionally, because the Court has independently identified additional threshold jurisdictional issues, separate from those identified by Plaintiff in his two motions to remand, explained below, it will direct the parties to brief those issues before entering a schedule. Therefore, the Rule 26(f) Report is **TERMINATED**. Doc. 8.

This Court has an independent obligation to assure itself of its jurisdiction. *See, e.g., MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016) ("Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case. . . ."). Here, although Defendant Barrelhouse invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, it appears it has failed to adequately allege its citizenship. *See generally* doc. 1. The Notice of Removal merely states that Defendant Barrelhouse is a citizen of Georgia, *id.* at 2, 4, and cites to Plaintiff's Complaint, which alleges Defendant Barrelhouse "is a domestic corporation engaged in the restaurant business with its principal place of business in Chatham

County, located at 125 W Congress Street, Savannah, GA 31401." Doc. 1-1 at 1, ¶ 2.

While state of incorporation and principal place of business establish citizenship for corporations, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Id.* at 1022. If, as alleged (and admitted), Defendant The Barrelhouse South, LLC is a "domestic corporation," then its allegation of citizenship may be sufficient. *Cf.* O.C.G.A. §§ 14-11-101(5), (12) (distinguishing between a "corporation" and a "limited liability company"). If, however, it is a limited liability company as its name implies, then the notice of removal is insufficient as it does not include a list of the members and their citizenships.

In addition to the apparent failure to sufficiently plead its citizenship, Defendant Barrelhouse appears to have removed this case in violation of 28 U.S.C. § 1441(b), which precludes removal "if any of the parties in interest properly joined and served as defendants is a citizen

of the State in which such action is brought." *Id.* As discussed above, the Court is unable to discern the citizenship of Defendant Barrelhouse. However, Defendant Alan Morgan is unquestionably a citizen of the state of Georgia. *See* doc. 1 at 2, 4; doc. 1-1 at 2, ¶ 3; doc. 1-4 at 8, ¶ 3. The Court does not anticipate the significance of the resident defendant, but it will require the parties to explain it.

The Court requires additional briefing to discharge its independent obligation concerning these two threshold jurisdictional issues. Because Defendant Barrelhouse, as the removing defendant, bears the burden of establishing the Court's jurisdiction, *see Rolling Greens MHP*, 374 F.3d at 1022, the Court **DIRECTS** Defendant Barrelhouse to submit a brief addressing the issues identified above. The brief must be filed within 14 days of the date of this Order. Defendant Morgan is free to file his own brief addressing these two issues within the same 14-day period, but is not obligated to do so. Any party shall have 14 days to respond to Defendant Barrelhouse's submission. *Cf.* S.D. Ga. L. Civ. R. 7.5. Any further briefing should comply with this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 7.6. To the extent that any party seeks any judicial action

or relief related to these issues, that party must file a separate motion making that request. *See, e.g.,* Fed. R. Civ. P. 7(b)(1).

**SO ORDERED,** this 7th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA