IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRIAN COOK, | |
|     Plaintiff, | CIVIL ACTION NO.: 4:24-cv-17 |
|     v. | |
| ALAN B. MORGAN; XYZ COMPANIES 1–10; and THE BARRELHOUSE SOUTH, LLC d/b/a Barrelhouse South, | |
|     Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Remand, (doc. 6), and Amended Motion to Remand, (doc. 7), as well as Plaintiff and Defendants' later-filed "Consent Motion to Remand and Withdrawal of Prior Remand Motions," (doc. 17). For the reasons outlined below, the Court **GRANTS** the Consent Motion to Remand, (doc. 17), **DENIES as moot** Plaintiff's Motion to Remand and Amended Motion to Remand, (docs. 6 & 7), and **REMANDS** this case to the State Court of Chatham County, Georgia.

In this lawsuit, Plaintiff seeks to recover damages from Defendants for injuries he suffered when Defendant Alan Morgan, who Plaintiff claims was acting in the course and scope of his employment at a restaurant owned by Defendant The Barrelhouse South, LLC ("Barrelhouse South"), struck him and knocked him to the ground. (Doc. 1-1.) Plaintiff initiated the action by filing a Complaint in the State Court of Chatham County on February 17, 2023. (Id.) In the Complaint, Plaintiff alleged that he was a citizen and resident of Colorado. (Id. at p. 1.) He also

alleged that Defendant Barrelhouse South is "a domestic corporation . . . with its principal place of business in Chatham County, [Georgia]," and that Defendant Morgan "is a citizen and resident of Chatham County, Georgia." (Id. at pp. 1–2.)

Barrelhouse South removed the case to this Court on January 18, 2024, purportedly on the basis of diversity jurisdiction. (Doc. 1.) Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." In its Notice of Removal, Barrelhouse South pointed to evidence upon which it based its belief that more than $75,000 is in controversy. (Id. at pp. 3–4.) As for citizenship of the parties, Barrelhouse South first pointed to Plaintiff's own assertion, in his Complaint, that he was a resident of Colorado, (id. at p. 4), and Barrelhouse South described itself and Defendant Morgan as "citizens of Georgia."[1] (Id.) Thus, Barrelhouse South concluded, diversity of citizenship exists.

On February 20, 2024, Plaintiff filed his Motion to Remand, (doc. 6), and, a day later, he filed an Amended Motion to Remand, (doc. 7). Plaintiff claimed that the case must be remanded to the state court because Barrelhouse South's removal was untimely, (doc. 6), and because Barrelhouse South failed to secure and file the written consent of all Defendants within thirty days of removal, (doc. 7). Although Barrelhouse South initially filed responses in opposition to

---

[1] Even though Barrelhouse South has the term "LLC" in its name, and an LLC—distinct from a corporation—"is a citizen of any state of which a member of the company is a citizen," Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004), neither Plaintiff nor Barrelhouse South has alleged anything about the identities or citizenships of Barrelhouse South's members. Accordingly, it has not been sufficiently established that Barrelhouse South is a citizen of Georgia. All the same, because it is undisputed that Defendant Morgan is a citizen of Georgia, the outcome of the Court's analysis here does not change even if Barrelhouse South is not a Georgia citizen; accordingly, the Court will not require the parties to provide supplemental briefing on Barrelhouse South's citizenship. In future cases, counsel should be mindful that the rules regarding the citizenship of corporations are irrelevant to the determination of an LLC's citizenship.

Plaintiff's request for remand, (docs. 11–14), shortly thereafter, all three parties in the case filed a "Consent Motion to Remand and Withdrawal of Prior Remand Motions," (doc. 17). The Consent Motion is succinct and states that because Barrelhouse South and Morgan are both citizens of Georgia, "[t]his Court lacks subject matter jurisdiction of Barrelhouse[ South]'s removal of this civil action based on 28 U.S.C. § 1441(b) (the forum-defendant rule)." (Id. at p. 1.)

Pursuant to the forum-defendant rule, "a state-court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if any of the 'parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[2] Goodwin v. Reynolds, 757 F.3d 1216, 1218 (11th Cir. 2014) (quoting 28 U.S.C. § 1441(b)) (emphasis omitted). All parties concede that Defendant Morgan is a citizen of Georgia; indeed, he admitted as much in his Answer. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (requiring courts to strictly construe the requirements of removal jurisdiction) (citations omitted); Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (all doubts about jurisdiction should be resolved in favor of remand to state court). Thus, even assuming there is diversity of citizenship between the parties, because Defendant Morgan is a citizen of Georgia, Defendant Barrelhouse South's removal of this case was prohibited by the forum-defendant rule and the Court must remand the case as improvidently removed.[3]

---

[2] Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, the only basis for jurisdiction in this Court would be diversity jurisdiction.

[3] The forum-defendant rule is an elementary tenet of subject matter jurisdiction. Barrelhouse South's counsel should have identified this rule before seeking removal. Moreover, upon removal, Plaintiff's counsel and Morgan's counsel should have quickly raised this glaring jurisdictional deficiency. To make matters worse, Plaintiff did not identify the rule in his Motion to Remand, and Barrelhouse South's counsel did not acknowledge it despite filing four nearly identical responses. (Docs. 11–14.) Apparently, the elementary deficiency did not dawn on counsel until the Magistrate Judge raised it. (See doc. 16.)

For the reasons stated above, the Court **GRANTS** the parties' Consent Motion to Remand, (doc. 17), and **DENIES as moot** Plaintiff's Motion to Remand and Amended Motion to Remand, (docs. 6 & 7), which Plaintiff purports to have withdrawn.  Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 24th day of April, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA